UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HDI GLOBAL SPECIALTY SE f/k/a INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE<br>　　　　Plaintiff,<br><br>v.<br><br>RD&M, INC.,<br>　　　　Defendant. | CASE NO.:   2:20-CV-494-SDD-EWD<br><br>JUDGE: SHELLY D. DICK<br><br>MAGISTRATE: ERIN WILDER-DOOMES<br><br><br>**JURY TRIAL DEMANDED** |

## RD&M, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS/STAY INDEMNITY CLAIMS & MOTION FOR MORE DEFINITE STATEMENT

RD&M, Inc. ("RD&M") moves to dismiss or stay HDI Global Specialty SE's ("HGS") request for a declaratory judgment of its duty to indemnify RD&M for the claims asserted against RD&M in the currently-pending *Endurance* lawsuit.[1] "Louisiana law generally provides that until the underlying issue of liability is resolved and the defendant is cast in judgment, the issue of indemnity is premature and non-justiciable."[2] Numerous courts have come to similar conclusions.[3] RD&M has yet to be found liable in the *Endurance* lawsuit, therefore, a duty to indemnify RD&M may never arise and HGS's request for an adjudication of its duty to indemnify RD&M is premature and non-justiciable.

---

[1] The "*Endurance* lawsuit" refers to Case No. 3:20-cv-00174-JWD-RLB, currently pending before Judge deGravelles. A copy of the Complaint filed in the *Endurance* lawsuit is attached hereto as **Exhibit 1**.

[2] *New England Ins. Co. v. Barnett*, 465 F. App'x 302, 308 (5th Cir. 2012).  *See also Coregis Ins. Co. v. Sch. Bd. of Allen Par.*, No. 07-30844, 2008 WL 2325632, at *2 (5th Cir. June 6, 2008) ("[T]he duty-to-indemnify issue was not ripe when the underlying state court lawsuit had not been completed.").

[3] *Ronald J. Hof v. Laporte, APAC, et al.*, CV 19-10696, 2020 WL 6286207, at *3 - 4 (E.D. La. Oct. 27, 2020); *Threadgill v. Orleans Par. Sch. Bd.*, No. CIV.A. 02-1122, 2013 WL 3777036, at *2 (E.D. La. July 18, 2013) (quoting *Travelers Cas. & Sur. Co. of Am. v. Univ. Facilities, Inc.*, No. CIV.A. 10-1682, 2012 WL 1198611, at *11 (E.D. La. Apr. 10, 2012)) ("[T]the duty-to-indemnify issue [is] not ripe when the underlying...lawsuit has not yet been completed.") (second and third alteration in original) (second and third alteration in original); *Morad v. Aviz*, No. CIV.A. 12-2190, 2013 WL 1403298, at *4 (E.D. La. Apr. 5, 2013) (holding that the insurer's duty to indemnify the claim was "not justiciable before the resolution of the underlying suit").

RD&M also moves for a more definite statement regarding HGS's assertion of "all the terms, conditions, exclusions and limitations of [its multiple insurance] policies" to support the relief requested in HGS's Second Amended Complaint for Declaratory Judgment ("Complaint").[4] The law is well-settled that "[a]n insurance company may not simply rely on a conclusory allegation that somewhere in its 'entire policy' a defense to suit may exist."[5] Such an allegation fails to give the defendant fair notice of the nature of the insurer's claims and is grounds for granting a motion for a more definite statement.[6]

## I.   Factual Background

This is an insurance dispute between RD&M and its insurer, HGS, regarding HGS's obligation to defend and indemnify RD&M under seven insurance policies for the claims made against RD&M in the *Endurance* lawsuit which is currently pending before Judge deGravelles. *See* **Exhibit 1**, *Endurance* Complaint.

The *Endurance* lawsuit alleges that RD&M and others are liable for more than $4 million in damages caused by water intrusion at an apartment complex located at 740 West Chimes Street in Baton Rouge, Louisiana (the "Complex"). *Endurance* alleges it paid the $4 million to settle a lawsuit initiated on or about May 19, 2017 by University House Baton Rouge, LLC against LMK

---

[4] Doc. 15, Second Complaint, at p. 3, ¶ 5.

[5] *Henry's Marine Service, Inc. v. Fireman's Fund Insurance Co.*, No. 02–3682, 2004 WL 242292, at *4 (E.D.La. Feb. 5, 2004) ("An insurance company may not simply rely on a conclusory allegation that somewhere in its 'entire policy' a defense to suit may exist."); *Dixie Sav. and Loan Ass'n v. Pitre*, 99–154, pp. 23–24 (La. App. 5 Cir. 7/27/99), 751 So. 2d 911, 924–25, *writ denied*, 99–2867 (La.12/10/99), 751 So.2d 855 ("pleading an insurance policy '*in extenso*' fails to meet the requirement that affirmative defenses be specifically pled"); *Willie v. American Cas. Co.*, 547 So. 2d 1075 (La. Ct. App. 1st Cir. 1989), *writ granted and remanded*, 553 So. 2d 467 (La.1989) ("Reliance upon an exclusion in an insurance contract is an affirmative defense which, if not specially pleaded, is barred."); *Davis v. Nola Home Constr., L.L.C.*, 2016-1274, p. 9 (La. App. 4 Cir. 6/14/17); 222 So. 3d 833, 841 ("where the pleadings fail to include this defense, defendant is precluded from offering proof in connection with this exclusion."); *Sher v. Lafayette Ins. Co.*, 988 So. 2d 186 (La. 2008) (holding that specific provisions of an insurance policy which are intended to be used as affirmative defenses must be specifically pled; but declining to decide whether pleading the policy "*in extenso*" is sufficient).

[6] The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Baton Rouge Construction, LLC. RD&M has denied any and all liability to Endurance in the *Endurance* lawsuit.

HGS alleges it has no obligation to defend or indemnify RD&M for the sums sought by Endurance because of HGS's "Contractors Special Conditions Endorsement," "Products or Work Exclusion," and other exclusions. RD&M contends that HGS owes RD&M defense and indemnity and those exclusions do not apply.

After Endurance filed the *Endurance* lawsuit against RD&M, and after HGS filed the instant lawsuit against RD&M, LMK Baton Rouge Construction, LLC, the general contractor for work on the Complex, filed its own suit against RD&M in the 19th Judicial District Court seeking what appear to be the same or similar damages sought by Endurance in the *Endurance* lawsuit ("LMK State Court Lawsuit"). *See* **Exhibit 2**, LMK State Court Petition. The claims and defenses in the LMK State Court Lawsuit have not yet been developed, the time for adding parties has not yet run, and that case is still in its infancy.

## II.  Legal Standards

### A.  Justiciability and Ripeness

The Declaratory Judgment Act "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant" to have his case heard.[7] In determining whether to grant a declaratory judgment, the Court must determine whether the declaratory judgment is justiciable.[8] The burden to establish that a justiciable controversy exists is on the party seeking to invoke the court's jurisdiction, rather than on the party moving for dismissal.[9]

---

[7] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 2143, 132 L.Ed .2d 214(1995) (internal quotations omitted).

[8] *Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891, 895 (5th Cir. 2000).

[9] *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir 2012).

3

The justiciability doctrines of standing, mootness, political question, and ripeness derive from Article III's "case or controversy" requirement.[10] In a declaratory judgment action, justiciability often turns on ripeness.[11] This case is no exception. The ripeness doctrine is drawn "both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction."[12] The purpose of this doctrine is to forestall "entanglement in abstract disagreements" through "avoidance of premature adjudication."[13] "The key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'"[14] The Fifth Circuit has recognized that "applying the ripeness doctrine in the declaratory judgment context presents a unique challenge."[15] This stems primarily from the fact that declaratory relief often involves an *ex ante* determination of rights, *i.e.*, a determination of rights before an injury has occurred, that "exists in some tension with traditional notions of ripeness."[16] Fortunately, this challenge is not presented today, because the Court's analysis is guided by a distinct subset of ripeness jurisprudence applicable to insurance coverage disputes.

### B. Rule 12(e) Motion for More Definite Statement

Federal Rule of Civil Procedure 12(e) provides that "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or

---

[10] *Greenstein*, 691 F.3d at 714–15.

[11] See *Id; Orix,* 212 F.3d at 895; *Rowan Cos., Inc. v. Griffin,* 876 F.2d 26, 27–28 (5th Cir. 1989).

[12] *Reno v. Catholic Soc. Servs., Inc.,* 509 U.S. 43, 57 n.18 (1993).

[13] *Abbot Labs. v. Gardner,* 387 U.S. 136, 148 (1967).

[14] *New Orleans Public Serv., Inc. v. Counsel of City of New Orleans,* 833 F.2d 583, 586 (5th Cir. 1987) (quoting *Abbot Labs.,* 387 U.S. at 149).

[15] *Orix,* 212 F.3d at 896 (internal quotation marks omitted).

[16] *Id.*

4

ambiguous that the party cannot reasonably prepare a response."[17] The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[18] A Rule 12(e) motion is appropriate "if a pleading fails to specify the allegations in a manner that provides sufficient notice."[19]

### III. Argument

#### A. HGS's request for a declaratory judgment regarding its duty to indemnify RD&M is premature and non-justiciable.

HGS seeks a declaratory judgment that it has no obligation to indemnify RD&M for the sums Endurance seeks against RD&M in the *Endurance* lawsuit that is currently pending before Judge deGravelles. HGS's request is premature and non-justiciable.

The U.S. Fifth Circuit has established a distinct subset of ripeness jurisprudence in insurance coverage disputes. The case law distinguishes between the duty to defend and the duty to indemnify.[20] The duty to defend is determined solely by comparing the pleadings against the insured with the insurance policy.[21] "Unless unambiguous exclusion of all of the plaintiff's claims is shown, the duty to defend arises."[22] Because the duty to defend does not depend on the outcome of the underlying law suit, a duty-to-defend claim is ripe when the underlying suit is filed.[23]

---

[17] Fed. R. Civ. P. 12(e); *see also Beanel v. Freeport–McCoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) ("If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)").

[18] *Swierkiewicz*, 534 U.S. at 512.

[19] *Id.* at 514.

[20] *See Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 872 (5th Cir. 2009) ("An insurer's duty to defend suits on behalf on an insured presents a separate and distinct inquiry from that of the insurer's duty to indemnify . . . .").

[21] *See Suire v. Lafayette City-Parish Consol. Gov't*, 907 So. 2d 37, 52 (La. 2005); Martco, 588 F.3d at 872–73 ("[A]n insurer's duty to defend arises whenever the pleadings against the insured disclose a possibility of liability under the policy.").

[22] *Suire*, 907 So. 2d at 52.

[23] *See Id.*; *Columbia Cas. Co. v. Ga. & Fla. RailNet, Inc.*, 542 F.3d 106, 110 (5th Cir. 2008) ("An actual case or controversy exists before the resolution of an insured's underlying suit concerning the insurer's duty to defend.");

5

Unlike the duty to defend, the duty-to-indemnify issue is "premature and nonjusticiable" until "the underlying issue of liability is resolved and the defendant is cast in judgment."[24] The *Endurance* lawsuit and the LMK State Court Lawsuit are still pending, the issue of RD&M's liability has not yet been resolved, RD&M has not been cast in judgment, and, as explained below, factual development will be necessary in the *Endurance* lawsuit and the LMK State Court Lawsuit to determine HGS's duty to indemnify RD&M.

HGS relies on its "Contractors Special Conditions Endorsement" and its "Products or Work Exclusion" to exclude coverage under its policies.[25] HGS's Contractors Special Conditions Endorsement only applies to a "claim for injury or damage based, in whole or in part, upon work performed by **independent contractors**."[26] Thus, if any of Endurance's claims are based on work performed by **employees**, rather than independent contractors, the Contractors Special Conditions Endorsement does not apply. Not only do the policies fail to define the term "independent contractors," but most of HGS's policies define the term **"employee"** as **"an employee, 'temporary worker', a volunteer worker and/or a 'leased worker' of a 'subcontractor' under the supervision of the 'insured**.'"[27] Furthermore, Louisiana law presumes that RD&M's workers

---

*Morad*, 2013 WL 1403298, at *2 ("Courts have routinely held that courts may determine an insurer's duty to defend even before the underlying suit is decided.").

[24] *Barnett*, 465 F. App'x at 308; *Coregis*, 2008 WL 2325632, at *2; *Hof*, 2020 WL 6286207, at *3 - 4; *Threadgill*, 2013 WL 3777036, at *2; *Travelers*, 2012 WL 1198611, at *11; *Morad*, 2013 WL 1403298, at *4.

[25] HGS's copies of the policies issued from 3/20/13 through 3/20/17 are attached hereto as **Exhibits 3** through **6**. These policies are specifically referenced in HGS's Second Complaint. *See* Doc. 15, Second Complaint, at p. 3, ¶ 5.

[26] *See* Doc. 15, Second Complaint, at pp. 12 – 13, ¶ 14 (emphasis added).

[27] Emphasis added. *See, e.g.*, **Exhibit 3**, 2013 to 2014 Policy, at p. 41 of 73 (Form No. IICHL 40 93 07 13); **Exhibit 4**, 2014 to 2015 Policy, at p. 76 of 125 (Form No. IICHL 40 93 07 13); **Exhibit 5**, 2015 to 2016 Policy, at p. 75 of 75 (Form No. IICHL 40 93 07 13); **Exhibit 6**, 2016 to 2017 Policy, at p. 60 of 63 (Form No. IICHL 40 93 07 13), all of which provide, in pertinent part, as follows:

are employees,[28] and it is well-settled that "the distinction between employee and independent contractor status is a **factual determination** to be decided on a case-by-case basis."[29] Thus, the question of whether the Contractors Special Conditions Endorsement applies will depend on the following **questions of fact**:

- Is RD&M liable for any of the damages that Endurance seeks;
- What damages (if any) did RD&M's workers cause to Endurance;
- When did those damages occur; and
- Are the workers causing damage to Endurance RD&M's "employees" or "independent contractors"?

With respect to HGS's Products or Work Exclusion, that exclusion only applies if the damages at issue are included in the "**products-completed operations hazard**" **and** RD&M's work was performed, or the products were manufactured, assembled, sold, handled or distributed, **before March 20, 2014**.[30] Thus, the question of whether the Products or Work Exclusion applies will depend on the following **questions of fact**:

- Is RD&M liable for any of the damages that Endurance seeks;
- What damages (if any) did RD&M's work or products cause to Endurance;
- When did those damages occur;
- Which of RD&M's work was performed prior to March 20, 2014;

---

SECTION V – DEFINITIONS: The following definitions are amended or added:

5. "Employee" includes but is not limited to:
   (a) A "leased worker", and/or
   (b) a "temporary worker", and/or
   (c) an employee, "temporary worker", a volunteer worker and/or a "leased worker" of a "subcontractor" under the supervision of the "insured".

23. A "subcontractor" means persons or entities hired by any "insured" to perform any or all duties of the "insured.

[28] *See* La. R.S. 23:1044 ("[a] person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee. . .").

[29] *Tower Credit, Inc. v. Carpenter*, 2001-2875, p. 6 (La. 9/4/02); 825 So.2d 1125, 1129 ("We note that the distinction between employee and independent contractor status is a factual determination to be decided on a case-by-case basis.") (emphasis added).

[30] *See* Doc. 15, Second Complaint, at p. 14, ¶ 16 (emphasis added).

7

- ○ Which of RD&M's products were manufactured, assembled, sold, handled or distributed prior to March 20, 2014; and
- ○ What damages are included in the "products-completed operations hazard"?

As the foregoing demonstrates, there are numerous factual issues that must be decided before any declaratory judgment can be rendered on HGS's indemnity obligation. Because the *Endurance* lawsuit and the LMK State Court Lawsuit are still pending, RD&M's liability has not yet been determined, and there exists a serious risk that any rulings by this Court will impinge on the rulings or factual findings of other Courts, HGS's request for a determination of its indemnity obligations to RD&M in those currently-pending lawsuits should be dismissed or stayed.

**B. HGS's Complaint is vague and indefinite to the extent it pleads "all the terms, conditions, exclusions and limitations of [HGS's] policies. Such an allegation fails to provide RD&M fair notice of HGS's claims.**

HGS's Complaint is vague and indefinite to the extent it pleads "all the terms, conditions, exclusions and limitations of the said policies in support of the relief sought"[31] by HGS in the Complaint. The law is well-settled that "[a]n insurance company may not simply rely on a conclusory allegation that somewhere in its 'entire policy' a defense to suit may exist."[32] Such an allegation fails to give RD&M fair notice of HGS's claims, and is grounds for granting a motion for a more definite statement.[33] Accordingly, RD&M respectfully requests that the Court require HGS to plead its policy defenses in a manner sufficient to give RD&M fair notice of what is being claimed.

---

[31] Doc. 15, Second Complaint, at p. 3, ¶ 5.

[32] *See supra*, n. 5.

[33] The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

8


|  |  |
|---|---|
| **Dated:  November 4, 2020** | RESPECTFULLY SUBMITTED: |

                                                */s/ Michael deBarros*
Mark Mese (#14214)
mark.mese@keanmiller.com
Michael deBarros (#32422) [Lead Attorney]
michael.debarros@keanmiller.com
KEAN MILLER LLP
400 Convention St., Suite 700
Baton Rouge, LA 70802
Telephone: 225-387-0999
Facsimile: 225-388-9133

*Counsel for RD&M, Inc.*